Abraham Sohlissel, J.
Defendant Solomon Bichman’s plea of res judicata presents the threshold question as to the impact hereon of the judgment in a separation action in which the present defendant Lita Bichman was plaintiff and said Solomon Bichman defendant.
This interim opinion will be confined to a discussion and disclosure of the court’s views with respect to the effect, if any, of said judgment upon the instant claim asserted by a hotel operator against both husband and wife and alleging the right to recover for necessaries furnished said wife and the two children of Mr. and Mrs. Bichman during the period from June 25, 1959 to July 31 of that year.
The judgment relied on by defendant Solomon Bichman is dated October 26, 1960, is signed by Mr. Justice Hogan of the Supreme Court of this county and provides, inter alia, that the complaint in the above-mentioned separation action be dismissed “ on the ground that the plaintiff has failed to sustain the burden of proving that the conduct of the defendant was such as to entitle her to a separation upon the grounds stated in the complaint ”.
The memorandum opinion upon which the above-identified judgment is based is equally succinct and equally silent as to the court’s views with respect to the various litigated claims. It too is confined to a finding of failure on plaintiff’s part to sustain her burden of proof.
The minutes of the trial before Mr. Justice Hogan have not been submitted to this court. If offered and received, they could *954 hardly be expected to disclose wherein the learned Justice found Mrs. Richman’s proof deficient.
In these circumstances this court can hardly be expected or permitted to conjecture as to what was then attempted to be proved or as to what Judge Hogan found unproved.
The one thing that the court can safely conclude is that the issues there litigated concerned the right of plaintiff wife to leave defendant husband and the marital home in January of 1960 and not in June of 1959. Equally clear is it that dismissal of the claim based on the January, 1960 departure does not establish that Mrs. Richman did not have the right to leave with the two children in June, 1959.
This being so, the judgment of October 26, 1960 (based as it concededly was on the separation of January, 1960) can hardly be said to be res judicata with respect to this plaintiff’s claim even though it be assumed (as indeed it must) that plaintiff’s present claim is derivative in character and that this plaintiff cannot prevail unless it is found that Mrs. Richman was justified in departing from the marital domicile and talcing, separate quarters in June, 1959.
All that is presently decided is that the judgment of October 26, 1960 leaves this question open and subject to further litigation. Stated otherwise it is the court’s view that the defense of res judicata is not available to defendant Solomon Richman.
Weidlich v. Richards (276 App. Div. 383), upon which defendant Solomon Richman so heavily relies, does not, it seems to this court, sustain his contention regarding the effect of the separation judgment.
As Mr. Presiding Justice Peck stated in Weidlich “ a husband is liable for the necessaries of his wife while she is living apart from him due to his fault. His fault and her right to a separate living are the issues in any action for necessaries * * * When those issues have once been determined in an action between the principals, the determination is res judicata not only of the wife’s claims, but also of the cognate claims of her creditors ”.
In view of the foregoing, it becomes necessary to initially determine whether “ those issues have once been determined in an action btween the principals ”. For the reasons hereinbefore stated this court is convinced that the basic question as to defendant Lita Richman’s right to remain away from the marital home between June 25 and July 31, 1959 has never been litigated, much less determined.
Nothing said in Weidlich compels or even suggests a contrary conclusion. The issue here under discussion was not even *955 considered there for it was the separation action itself which gave rise to the claim of the attorney plaintiff.
The situation here might be said to parallel that in Weidlich if there had been no reconciliation, however brief, and if Mrs. Riehman’s complaint in the separation action had been based upon her leaving her husband on June 15, 1959.
The circumstance that in her complaint Mrs. Riehman relied upon incidents allegedly antedating the June-July, 1959 separation does not, it seems to this court, alter the fact that she relied upon these incidents to” justify her departure in January, 1960 and not that in June, 1959 and that it was the former and not the latter which was litigated and decided.
Furthermore this court believes that the alleged authority of Weidlich is considerably weakened, if not wholly destroyed, by the substantial differences in the results reached there and in the Riehman separation action.
In Weidlich the trial court had not only dismissed the wife’s complaint on the ground that she had abandoned her husband willfully and without justification but it had gone further and granted defendant husband a separation on his counterclaim for that relief. Nothing of the kind has happened in Riehman: no relief by way of counterclaim was sought or granted; no finding of fault on the wife’s part was made nor can any be implied; one thing and only one thing was there decided; namely, that plaintiff wife had not sustained her admitted burden of establishing her right to a separation.
As hereinbefore noted, neither the separation judgment nor the opinion of the learned Justice of the Supreme Court discloses wherein or whereby Mrs. Riehman flunked her self-imposed assignment to show that in January, 1960 she was justified in leaving her husband and establishing a separate place of residence for herself and the two children.
In these circumstances it would, this court believes, be stretching the separation judgment unduly to conclude, as defendant Solomon Riehman would have it conclude, that such judgment bars this action.
In summary this court rejects defendant Solomon Riehman’s defense of res judicata and overrules his objections to the offer of testimony intended to establish the right of defendant Lita T?.if»hma.u to maintain a separate home for the children and herself between June 25, 1959 and July 31, 1959.
The several exhibits (judgment, opinion and complaint) offered by defendant Solomon Riehman will be received in evidence and assigned appropriate exhibit numbers upon the *956 resumption of the trial with exceptions to plaintiff and to defendant Lita Richman, if so advised.
It is emphasized that this opinion is preliminary only and is confined to consideration of the defense of res judicata. It may not properly or safely be construed as accurately reflecting the court’s ultimate views on the merits hereof. Any disclosure of such views is reserved, as indeed it must be, until all of the proof of all parties has been heard and considered.
This matter will appear on this court’s calendar of Friday, January 6, 1961 at 2:00 p.m. for continuation and, if possible, completion.